UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 11-7155-GFVT-CJS |
| | ) | Criminal No. 09-67-GFVT-CJS |
| V. | ) | |
| | ) | |
| MELISSA RENEE HART, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On January 27, 2011, Melissa Hart, pro se, filed a construed Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R. 86). On March 28, 2011, the United States filed a Response (R. 98). Despite having the opportunity to do so, Hart did not file a reply. Having all relevant documents before the Court, this matter is now ripe for consideration and the issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it is recommended that the District Court **deny** Hart's § 2255 motion.

I.     Background

On October 22, 2009, a federal grand jury returned an indictment against Hart, along with two others, charging her with one count of conspiring to manufacture methamphetamine. (R. 11). On January 28, 2010, the Defendant entered a plea of guilty to this charge. (R. 50).

On May 12, 2010, Defendant appeared before the Court for sentencing. (R. 64). The Court sentenced Defendant to a term of imprisonment of 97 months, with 5 years of supervised release to follow. (R. 70). In determining Defendant's sentence, District Judge Van Tatenhove applied, over Defendant's objection, a two-level enhancement for the possession of a dangerous weapon during

the offense, pursuant to U.S.S.G. § 2D1.1(b)(1), finding it was reasonably foreseeable that her co-conspirator would have possession of a firearm. (R. 84, at 11-17). The Court also recommended to the Bureau of Prisons ("BOP") that Hart participate in an intensive drug education and treatment program while incarcerated. (R. 70). Hart did not appeal.

On January 4, 2011, Defendant sent the presiding District Judge a letter, requesting that the firearm enhancement that resulted in a two-point increase in her offense level at sentencing be removed so that she can enroll in the 500-hour drug treatment program offered by the BOP. (R. 86). On January 27, 2011, the Court ordered that the letter be construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R. 87).[1]

## II.    Analysis

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief on grounds that her sentence violates the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, challenges to a sentence must generally be made on direct appeal or they are waived. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either

---

[1] A defendant's efforts at reducing his or her sentence are also sometimes brought under 28 U.S.C. § 2241, as a challenge to the manner in which sentence is being executed. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998). However, this Court would lack jurisdiction over such a petition, which must be filed in the jurisdiction of confinement. Nor does it appear that a § 2241 challenge on grounds of BOP error in denying a defendant a reduction in period of custody because of a firearm sentencing enhancement would be successful. *See Elledge v. Berkebile,* 2011 WL 1261195 (S.D.W.Va. Feb. 16, 2011), *Findings and Recommendation Adopted,* 2011 WL 1255538 (S.D.W.Va. April 1, 2011).

'cause' and actual 'prejudice,' . . . or that [she] is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Here, Hart did not file an appeal challenging the Court's application of the two-level firearm enhancement. In addition, she does not assert that she is actually innocent of the crime charged. To the contrary, she pled guilty and does not otherwise contend the plea was invalid. Furthermore, Hart has not demonstrated cause for her failure to challenge her sentence on direct appeal. Therefore, she has procedurally defaulted her objection to the sentencing enhancement.

Moreover, even if the Court construed her argument as sufficient to excuse her procedural default, her claim lacks merit. Under 18 U.S.C. § 3621(e)(2)(B), it is the discretion of the BOP, not this Court, that determines whether a prisoner is admitted into its drug treatment program and whether she will be given a reduction in her "period of custody" as an incentive for her participation. *See Lopez v. Davis*, 531 U.S. 230, 240-45 (2001). Under the statute, Congress mandated that "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Thus, if the BOP has determined Hart has a treatable substance abuse condition, she will be provided with treatment regardless of the firearm enhancement.

The firearm enhancement has an effect not on her ability to receive treatment through the BOP, but on her ability to qualify for the incentive of a reduction in her period of custody for successfully completing the program. At sentencing District Judge Van Tatenhove found the facts warranted the two-level firearm enhancement under the "clearly improbable" legal standard applied in the Sixth Circuit. *United States v. Garner,* 940 F.2d 172 (6th Cir. 1991); *United States v.*

*McGhee,* 882 F.2d 1095 (6th Cir. 1989). Defendant has presented no basis for the removal of the enhancement, and it accordingly is recommended that Defendant's § 2255 motion be denied.

### III. Certificate Of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is

recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

### IV.    Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1)    Defendant Hart's construed Motion under 28 U.S.C. § 2255 (R. 86) be **denied**;

(2)    A Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter; and,

(3)    This action be **stricken** from the active docket of this Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to objections within fourteen (14) days of being served therewith. Fed. R. Civ. P. 72(b)(2).

Dated this 3rd day of June, 2011.



Signed By:

*Candace J. Smith*

**United States Magistrate Judge**

G:\DATA\habeas petitions\09-67 Hart BOP program.wpd