UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 09-67-03-GFVT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MELISSA RENEE HART, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the construed pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Melissa Renee Hart. [*See* Rs. 86, 87.] Hart asked the Court to remove the firearm enhancement that resulted in a two-point increase in her offense level at sentencing so that she can enroll in the 500-hour drug treatment program offered by the Federal Bureau of Prisons ("BOP"). Consistent with local practice, this matter was referred to Magistrate Judge Candace J. Smith for initial screening and preparation of a report and recommendation. Judge Smith filed her Report and Recommendation ("R&R") [R. 100] on June 3, 2011. Therein, she recommends that the Court deny Hart's § 2255 motion. [*Id.*] Judge Smith first notes that Hart has procedurally defaulted her objection to the sentencing enhancement because she never raised the issue in a direct appeal. [*Id.* at 2-3.] Judge Smith also explains that Hart's claim fails on the merits, as the firearm enhancement does not affect Hart's ability to receive drug treatment through the BOP, but only her ability to qualify for a reduction in her period of custody as an incentive for successfully completing the program. [*Id.* at 3.]

In this case, the parties were specifically advised that any objections to the R&R had to be filed within fourteen days. [*Id.* at 5.] Neither party objected and the time for doing so has

elapsed. Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's recommendation.

Finally, consistent with Judge Smith's recommendation, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Hart's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [R. 100] is **ADOPTED** as and for the opinion of this Court;

2. The Defendant's construed Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [R. 86] is **DENIED**;

3. The Defendant's § 2255 proceeding is **DISMISSED WITH PREJUDICE**;

4. A Certificate of Appealability is **DENIED**; and

5. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 22nd day of June, 2011.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge